UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: __06.16.15__         │
└─────────────────────────────────┘
```

NRW, INC.,

                    Plaintiff,

       -v-                                        No. 12-cv-8555 (RJS)
                                                  OPINION AND ORDER
MIKE BINDRA, *et al.*,

                    Defendants.

RICHARD J. SULLIVAN, District Judge:

Plaintiff NRW, Inc. ("NRW") seeks to file a Fifth Amended Complaint against Defendants Mike Bindra ("Bindra"), Laura De Palma ("De Palma"), Made Event, LLC ("Made Event"), Sala Corporation ("Sala"), EZ Festivals, LLC ("EZ Festivals"), and Mister Ed Productions, Ltd. ("Mister Ed").  For the reasons set forth below, the request is denied.

I. BACKGROUND

The Court presumes the parties' familiarity with the factual background of this case, which is summarized more fully in the Court's September 10, 2014 Opinion and Order (the "September 10 Opinion") granting in part and denying in part Defendants' motion to dismiss the Fourth Amended Complaint.  (Doc. No. 150.)  In essence, Plaintiff asserts that it acquired a 50% ownership stake in the Electric Zoo festivals and that Defendants have breached that contract and fraudulently transferred profits away from Plaintiff.  In its September 10 Opinion, the Court concluded that Plaintiff had sufficiently alleged the existence of a contract between the parties (the "Letter Agreement"), but determined that the Letter Agreement only entitled Plaintiff to 50% of the profits from Zoo 2009, with no rights to any profits from future Zoos or any ownership stake

in Electric Zoo festivals generally.  The Court further held that Plaintiff had sufficiently alleged

that Defendants had breached the Letter Agreement by failing to share profits from Zoo 2009 and

by failing to enter into a security agreement.  (*Id.* at 7-15.)  Accordingly, the Court (1) denied

Defendants' motion to dismiss Plaintiff's breach of contract claim to the extent Plaintiff alleges

that Defendants failed to share profits from the Electric Zoo festival held in 2009 ("Zoo 2009")

and failed to execute a security agreement, but granted Defendants' motion to dismiss Plaintiff's

breach of contract claim in all other respects; (2) denied Defendants' motion to dismiss Plaintiff's

alter ego claim; and (3) granted Defendants' motion to dismiss Plaintiff's fraudulent transfer claim.

(*Id.* at 16.)  On November 3, 2015, Plaintiff moved for leave to file a Fifth Amended Complaint.

(Doc. No. 161.)

## II.  LEGAL STANDARD

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend

'shall be freely given when justice so requires,' it is within the sound discretion of the [Court] to

grant or deny leave to amend."  *McCarty v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.

2007).  Thus, "[l]eave to amend, though liberally granted, may properly be denied for:  undue

delay, bad faith [or] dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

of the amendment, or futility of amendment."  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d

Cir. 2008).

"While pleading is not a game of skill in which one misstep may be decisive to the outcome,

neither is it an interactive game in which plaintiffs file a complaint, and then bat it back and forth

with the Court over a rhetorical net until a viable complaint emerges."  *In re Refco Capital Mkts.,*

*Ltd. Brokerage Customer Sec. Litig.*, Nos. 06-cv-643, 07-cv-8686, 07-cv-8688 (GEL), 2008 WL

4962985, at *2 (S.D.N.Y. Nov. 20, 2008) (citations and internal quotation marks omitted).  To

grant leave to amend after a plaintiff has had ample opportunity to amend "would be condoning a

strategy whereby plaintiffs hedge their bets by holding . . . evidence back in the hopes of having

another bite at the proverbial apple." *In re Crude Oil Commodity Litig.*, No. 06-cv-6677 (NRB),

2007 WL 2589482, at *3 (S.D.N.Y. Sept. 7, 2007) (citation and internal quotation marks omitted).

When determining whether an amendment to a complaint would be futile, a court must apply the

standard for a Rule 12(b)(6) motion to dismiss. *See Dougherty v. Town of N. Hempstead Bd. of*

*Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a

proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

### III. DISCUSSION

Plaintiff's proposed Fifth Amended Complaint sets forth 79 paragraphs of factual

allegations and contains causes of action for declaratory judgment, breach of contract, alter ego,

fraud in the inducement, and unjust enrichment.  However, relative to the Fourth Amended

Complaint, Plaintiff's proposed new pleading contains little that is actually new.  Specifically, of

the 79 paragraphs in the Fifth Amended Complaint, a few contain slight grammatical or stylistic

modifications, several are altered to emphasize Plaintiff's alleged reliance on Defendants'

representations (¶¶ 29, 32, 48), and two are completely new:  paragraph 36, which alleges that

Silly Grove was the insured entity for Zoo 2009, and paragraph 76, which alleges that Defendants

did not include revenue from after-parties for Zoos 2011 and 2012 in the accounting of the

festivals' profits.  With respect to the causes of action, Counts Three and Four are identical to those

set forth in the Fourth Amended Complaint, and the Court has already determined that Defendants

3

may proceed on these causes of action.  Accordingly, the sole issue before the Court is whether the proposed amendments with respect to Counts One, Two, Five, and Six of the Fifth Amended Complaint are futile and/or unduly prejudicial.  Because Count Two is the core of the amended pleading, the Court begins its analysis with that cause of action.

### A.  Count II:  Breach of Contract

Plaintiff alleges that the parties had a second agreement, in addition to the Letter Agreement that the Court held existed and covered only Zoo 2009, which Plaintiff refers to as the "Ownership Agreement."  (¶¶ 93-96.)  In Plaintiff's telling, before the Letter Agreement was entered into in August 2009, the parties' email exchange in July 2009 culminated in "the 50%/50% Ownership Agreement pursuant to which Plaintiff would obtain a 50% interest in the entity which owned the rights to the Electric Zoo Festival."  (Doc. No. 162 at 7.)  Thus, according to the Fifth Amended Complaint, the Letter Agreement was a mere side contract that the parties made to cover only Zoo 2009.  (¶97.)

It should be noted that Plaintiff made identical factual allegations in its Amended Complaint (Doc. No. 29 ¶¶ 23-27), Second Amended Complaint (Doc. No. 54 ¶¶ 30-34), Third Amended Complaint (Doc. No. 94 ¶¶ 27-29), and Fourth Amended Complaint (Doc. No. 149 ¶¶ 27-29).  Furthermore, Plaintiff's brief in opposition to Defendants' motion to dismiss the Second Amended Complaint made the exact same argument that Plaintiff advances in support of its proposed Fifth Amended Complaint – namely, that the series of July 2009 emails "taken in the aggregate, make out the terms of the contract," which "reflect the parties, ownership rights, the definition of the venture, capital investments, projected budgets, profit distributions, options, among others."  (Doc. No. 63 at 9.)  However, the Court dismissed Plaintiff's Second Amended

Complaint because it held that the documentary evidence attached to the pleading, in particular the August 2009 correspondence, contradicted Plaintiff's claim that the parties had an agreement in July 2009. (Doc. No. 84; Doc. No. 86, Transcript of Oral Argument, dated July 11, 2013.)  In fact, the Court permitted Plaintiff to file a third amended complaint merely so that it could assert a breach of contract theory arising out of the August 2009 letter – not the July 2009 email correspondence. (*Id.*)

In essence, Plaintiff is attempting to revive a theory of liability that the Court has already rejected as "contradicted by documentary evidence" attached to the complaint. (*Id.*)  Not surprisingly, the Court declines to be Plaintiff's badminton partner as it attempts to bat this claim over the rhetorical net one last time, searching in vain for a viable cause of action.  Accordingly, the Court holds that permitting Plaintiff to amend its pleading for a fifth time to assert this same failed breach of contract claim would be futile and unduly prejudicial to Defendants, who have an obvious interest in proceeding past the pleadings to the merits of this action.

### B. Count I:  Declaratory Judgment

Plaintiff's claim for a declaratory judgment alleges that "a bona fide, justiciable dispute presently exists between the parties as to Plaintiff's rights, pursuant to the parties' [Ownership Agreement], to a 50% ownership of the Electric Zoo festival as well as all economic rights attendant thereto." (¶ 91.)  The Court disagrees.  Plaintiff's declaratory judgment claim is merely duplicative of its proposed breach of contract claim, which the Court has already determined would be futile.  As the Court previously observed, where "resolving the breach of contract claim would effectively answer the questions that the Plaintiffs raised in their declaratory judgment action[,] . . . dismissal of that cause of action is appropriate." (Doc. No. 86, Transcript of Oral

Argument, dated July 11, 2013, 6:9-12.)  Indeed, regardless of whether the Court applies New York or Florida law,[1] the law is clear that a request for a declaratory judgment must be dismissed if it is merely duplicative of Plaintiff's breach of contract claim.  *See, e.g.*, *Salazar v. American Sec. Ins. Co.*, 2014 WL 978405, at *2 (M.D. Fla. Mar. 12, 2014); *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co.*, 2012 WL 1416428, at *2 (S.D. Fla. Apr. 24, 2012); *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 472 (S.D.N.Y. 2014); *Assured Guar. Mun. Corp. v. UBS Real Estate Sec., Inc.*, No. 12-cv-1579 (HB), 2012 WL 3525613, at *6 (S.D.N.Y. Aug 15, 2012). Accordingly, the Court holds that permitting Plaintiff to amend its pleading to assert this declaratory judgment claim would likewise be futile.

### C.  Count V:  Fraud in the Inducement

Plaintiff seeks to assert a claim for fraud in the inducement based on statements that Defendants made to Plaintiff in the July 2009 and August 2009 email exchanges, as well as recent deposition testimony in which Defendants Bindra and De Palma testified that they did not intend to honor their representations at the time they were made.  However, as the Court held when dismissing the Second Amended Complaint, "the law is very clear that where the fraud . . . alleged is simply [that] party entered the agreement with an intention not to follow through on the agreement, that's not sufficient to raise an independent cause of action . . . . [Where] there is a contract claim, . . . dressing it up as a fraud in the inducement claim is not going to work."  (Doc. No. 86, Transcript of Oral Argument, dated July 11, 2013, 6:24-7:4.)  *See, e.g.*, *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 196 (2d Cir. 2001).  Now, as then, Plaintiff has a valid breach

---

[1] As in its September 10 Opinion, the Court applies the conflict-of-laws rules of Florida, which provide that a court need not undertake a conflict-of-laws inquiry if the substantive law is identical regardless of the jurisdiction that is chosen.  *Tune v. Philip Morris Inc.*, 766 So. 2d 350, 352 (Fla. Dist. Ct. App. 2000); *see also Faddish v. Buffalo Pumps*, 881 F. Supp. 2d 1361, 1368 n.3 (S.D. Fla. 2012).

of contract claim premised on the Letter Agreement.  Now, as then, Plaintiff seeks to assert a fraud

in the inducement claim premised on Defendants' allegedly false statements of intent to perform

under the Letter Agreement and seeks quintessentially contract damages.  Under both New York

and Florida law, such allegations are indistinguishable from a breach of contract claim and cannot

support a tort claim for fraud in the inducement.  *See, e.g.*, *Excess Risk Underwriters, Inc. v.*

*Lafayette Life Ins. Co.*, 208 F. Supp. 2d 1310, 1318 (S.D. Fla. 2002); *Premix-Marbletite Mfg. Corp.*

*v. SKW Chem., Inc.*, 145 F. Supp. 2d 1348, 1359 (S.D. Fla. 2001); *Sofi Classic S.A. de C.V. v.*

*Hurowitz*, 444 F. Supp. 2d 231, 245-46 (S.D.N.Y. 2006).  Accordingly, because Plaintiff has not

alleged sufficient facts to support a fraud in the inducement tort claim separate and apart from its

breach of contract claims, the Court concludes that permitting such an allegation would be futile.

D.  Count VI:  Unjust Enrichment

While Plaintiff includes an unjust enrichment claim in its Fifth Amended Complaint,

Plaintiff fails to mention this claim in its supporting memorandum of law, and therefore arguably

has abandoned it.  *See Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y.

1997).  Assuming Plaintiff does intend to proceed on its proposed unjust enrichment claim,

premised on the allegations that (1) Plaintiff provided funds and support to Defendants for Zoo

2009 and (2) Plaintiff left its investment with Defendants so that Zoo 2010 could be produced, it

is clear that it must fail.  The theory of unjust enrichment "rests upon the equitable principle that a

person shall not be allowed to enrich himself at the expense of another," and therefore "is an

obligation which the law creates, *in the absence of any agreement*, when and because the acts of

the parties or others have placed in the possession of one person money . . . under such

circumstances that in equity and good conscience he ought not to retain it."  *State v. Barclays Bank*

*of New York, N.A.*, 76 N.Y.2d 533, 540 (1990) (citations omitted) (emphasis added). The general rule is that "the plaintiff must have suffered a loss." *Id.* Both New York and Florida courts bar claims for unjust enrichment where a contract covers the subject matter of the unjust enrichment claim, and where it is undisputed that the contract exists. *See, e.g.*, *Degutis v. Fin. Freedom, LLC*, 978 F. Supp. 2d 1243, 1265 (M.D. Fla. 2013); *Martorella v. Deutsche Bank Nat. Trust Co.*, 931 F. Supp. 2d 1218, 1227 (S.D. Fla. 2013); *Marshall*, 51 F. Supp. 3d at 471; *Sofi Classic S.A. de C.V.*, 444 F. Supp. 2d at 249.

As the Court has already held, Plaintiff adequately pleaded the existence of the Letter Agreement, which unambiguously provides that Plaintiff would provide a $500,000 investment in exchange for receiving 50% of the profits from Zoo 2009 plus repayment of the investment. (Doc. No. 150 at 11.) The Court further held that the Letter Agreement includes a securitization clause that entitled Plaintiff to "repayment *on its investment* out of the profits of Zoo 2010 and future Zoos" in the event that Zoo 2009 failed to make enough money to repay Plaintiff's investment. (*Id.*) On the face of the pleadings, Plaintiff's $500,000 investment was covered by the terms of the Letter Agreement, and therefore cannot form the basis of an unjust enrichment claim. Furthermore, by Plaintiff's own admission, Defendants paid Plaintiff a total of $550,000 by the end of 2010. (¶¶ 45, 62.) As such, Plaintiff has patently failed to plead that it suffered any loss that would entitle it to a recovery pursuant to an unjust enrichment claim, much less that Defendants unjustly gained from Plaintiff's contractually obligated $500,000 investment. Accordingly, the Court finds that it would be futile to permit Plaintiff to amend its pleading to assert another duplicative unjust enrichment claim.

IV.  CONCLUSION

The Court has indulged Plaintiff's numerous attempts to refashion its core claim – that it is entitled to a 50% ownership interest in the Electric Zoo music festivals – under a variety of legal theories.  As before, Plaintiff's most recent attempt is unavailing and therefore futile.  Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's request to file its proposed Fifth Amended Complaint is denied.  The operative pleading remains the claims from the Fourth Amended Complaint that survived the Court's September 10 Opinion.  IT IS FURTHER ORDERED THAT, by July 1, 2015, the parties shall submit either (1) a joint letter apprising the Court of whether further discovery is necessary, (2) if the parties contemplate moving for summary judgment, pre-motion letters in accordance with the Court's Individual Practices, or (3) a joint letter apprising the Court of the parties' availability for trial.

SO ORDERED.

Dated:      June 16, 2015
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

9